O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO CURIEL,<br><br>                    Plaintiff,<br><br>         v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | ✓ CV 11-4006-RSWL<br>  CR 05-0889-RSWL<br><br>**ORDER RE: Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody** |

Currently before the Court is Plaintiff Santiago Curiel's ("Plaintiff") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [128]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

Plaintiff's Motion is **DENIED**. Plaintiff argues that his attorney's failure to bring an appeal before the United States Supreme Court constituted ineffective assistance of counsel. The Court finds that pursuant

1

to the standards put forth in Strickland v. Washington, 466 U.S. 668 (1984), Plaintiff has neither shown grossly deficient performance by counsel, nor prejudice resulting from such deficient performance. Courts have recognized that the failure to appeal does not necessarily rise to the level of ineffective assistance of counsel where the appeal was not reasonably likely to succeed. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). Here, in considering existing case law and the denial of Plaintiff's past appeals, the Court finds that an appeal to the Supreme Court would not be reasonably likely to succeed. Thus, Plaintiff cannot show grossly deficient performance by his attorney for failing to appeal, nor prejudice resulting from a failure to appeal.

Moreover, the Court finds that Plaintiff has no constitutional right to counsel for seeking certiorari from the Supreme Court and thus, also has no related constitutional right to effective assistance of counsel. Miller, 882 F.2d at 1432 ("Because [the plaintiff] had no constitutional right to counsel in connection with the filing of a certiorari petition, he had no constitutional right to the effective assistance of counsel for that purpose.").

In addition, Plaintiff argues that he should not have been considered a career offender for sentencing purposes. Plaintiff cites to two different cases to support this contention, but the Court finds that these

cases are not on point here and do not have any bearing on whether Plaintiff should be considered a career offender.  Therefore, the Court finds that Plaintiff has not raised any meritorious arguments that have not already been litigated in the past.  Accordingly, Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 14 ,2011

                                   RONALD S.W. LEW
                              **HONORABLE RONALD S.W. LEW**
                              Senior, U.S. District Court Judge