O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | ) | CR 05-0889 RSWL |
| --- | --- | --- |
| | ) | √ **CV 11-4006 RSWL** |
| Plaintiff, | ) | |
| | ) | **ORDER Re: Defendant's** |
| v. | ) | **Motion for Retroactive** |
| | ) | **Application of** |
| | ) | **Sentencing Guidelines to** |
| Santiago Curiel, | ) | **Crack Cocaine Offense** |
| | ) | **[136]** |
| Defendant. | ) | |

Currently before the Court is Defendant Santiago Curiel's ("Defendant") Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense filed on December 22, 2011 [136]. Plaintiff United States of America has not filed an Opposition to this Motion. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant's Motion. On

1

January 10, 2006, Defendant pled guilty to conspiracy to possess with the intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846.  The presentence report concluded that Defendant should be sentenced as a career offender and the guidelines for career offenders were used.  Defendant's base offense level was set at 37, pursuant to U.S.S.G. § 4B1.1, because the maximum sentence for the charge under 21 U.S.C. § 846 was life imprisonment.  It was also recommended that Defendant be awarded a three-level reduction for acceptance of responsibility.  Thus, his total offense level was 34, which resulted in a sentencing range of 262-327 months.  The Court adopted the presentence report recommendation and sentenced Defendant to 262 months.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), which raised the crack-quantity thresholds for mandatory minimum and statutory maximum penalties for crack cocaine offenses under 21 U.S.C. § 841(b) and § 846.  The FSA directed the Sentencing Commission to promulgate amendments to the Sentencing Guidelines.  Accordingly, Amendment 750, effective November 1, 2011, lowered the offense levels for crack cocaine offenses listed in § 2D1.1.

Defendant brings the present Motion pursuant to 18 U.S.C. § 3582(c) and requests a reduction in his sentence pursuant to Amendment 750 of the Sentencing Guidelines.  Defendant contends that the crack

sentencing guidelines, U.S.S.G. § 2D1.1, now provide a lower sentencing guideline for crack offenses and thus, his sentence should be lowered pursuant to the new guidelines.  Defendant, however, was not sentenced under U.S.S.G. § 2D1.1.  Defendant was sentenced pursuant to the career offender guidelines, U.S.S.G. § 4B1.1.  Therefore, Amendment 750 does not apply to Defendant's sentence and Defendant is ineligible for a reduction in his sentence under 18 U.S.C. § 3582(c).  "In the November 1, 2011 guideline amendments, the Sentencing Commission makes it clear that consideration under 18 U.S.C. § 3582(c)(2) is triggered only when the applicable guideline range is lowered . . . .  Further, the Sentencing Commission expressly adopted the approach of the Sixth, Eighth and Tenth Circuits holding a career-offender defendant ineligible for a reduction . . . ."  United States v. Overton, No. 04-0293, 2011 WL 6122959, at *2 (D. Or. Dec. 9, 2011). Accordingly, the Court hereby **DENIES** Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense.

**IT IS SO ORDERED.**

DATED: February 24, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

3